Tashi TSERING, Petitioner,

v.

Michael B. MUKASEY,[1] United States Department of Justice, Respondents.

No. 07–1881–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General; Linda S. Wernery, Asst. Director; Dimitri N. Rocha, Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Tashi Tsering, a native of Tibet and citizen of China, seeks review of an April 17, 2007 order of the BIA, affirming the October 17, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Tashi Tsering*, No. A98 694 515 (B.I.A. Apr. 17, 2007), *aff'g* No. A98 694 515 (Immig. Ct. N.Y. City Oct. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, 8 U.S.C. § 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Because Tsering has failed to present any constitutional claim or question of law related to the IJ's finding that his asylum application was time-barred, we lack jurisdiction to review the IJ's decision insofar as it pretermitted his asylum claim and dismiss the petition for review to that extent. 8 U.S.C. § 1158(a).

However, we may review his challenge to the agency's denial of his claims for withholding of removal and relief under CAT.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion finds no error with the IJ's reasoning or decision, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Here, we find that substantial evidence supports the agency's finding that Tsering failed to establish that he was eligible for withholding of removal. Tsering argues that the IJ erred in determining that he did not suffer past persecution in Tibet or Nepal. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including

non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004)), but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006).

In this case, Tsering testified that his mother had informed him that his father and uncle had been jailed and tortured by the Chinese government in Tibet for following the Dalai Lama. Tsering asserted that he and his mother fled Tibet for Nepal when he was eight years old. Aside from the alleged arrests and torture of his father and uncle, Tsering does not claim that any harm befell him or his mother in Tibet. As Tsering does not claim to have been present when his father or uncle were harmed, or assert that he suffered harm directly flowing from their suffering, the agency properly determined that he failed to establish that he personally suffered past persecution in Tibet. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141–42 (2d Cir.2007) (holding that "an asylum applicant cannot claim past persecution based solely on the harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic"). *But see id.* (recognizing that there may exist circumstances where harm to an applicant's family member in conjunction with other factors may be sufficiently severe to amount to past persecution and noting that such a situation would presumably require that the applicant shared the family member's characteristic motivating the persecutors, was in the "zone of risk," and suffered some harm following the incident) (citing *Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006)).

■ As to his assertion that he suffered past persecution in Nepal, Tsering testi-

fied that he was arrested on two occasions during demonstrations against China's presence in Tibet. During his first incarceration, Tsering claimed to have been held for two days and stated that if the prisoners moved around, "the police would come and beat us ... and if we don't do anything, then they would do nothing." He did not testify that he was actually beaten. Regarding his second arrest, Tsering asserted that he was held for seven days and that the authorities "were not thinking of releasing [him] and they also started talking about returning [him] back to ... Tibet." However, he was released and went back to work in Nepal. These incidents do not demonstrate that Tsering suffered harm that was sufficiently severe to constitute persecution. *See Ivanishvili,* 433 F.3d at 341. As the IJ properly concluded that Tsering had not suffered past persecution and that he was not entitled to a presumption of a future threat of persecution,[2] *see* 8 C.F.R. § 1208.13(b)(1), the agency reasonably denied Tsering's withholding of removal claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

■ Finally, as to Tsering's challenge of the IJ's denial of relief under CAT, Tsering argues that it "does not appear" that the IJ considered the background materials on Nepal and Tibet.[3] Here, after considering the evidence in the record, the IJ found that Tsering failed to establish that it was more likely than not that he would be tortured if removed to Nepal or China.

Although background materials in the record indicate that the Chinese government's repression of Tibetan Buddhists can be brutal, Tsering did not allege any circumstances that would allow the IJ to find that he, in particular, is more likely than not to be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003) (requiring that an alien seeking relief under CAT provide evidence "that someone in [the alien's] particular alleged circumstances is *more likely than not* to be tortured"); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Therefore, the IJ reasonably determined that Tsering failed to meet the heavy burden of establishing CAT eligibility. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** Other than the conclusory statement that his "testimony shows that [he] faces a serious threat to his life and freedom in Nepal and Tibet," Tsering has failed to proffer any argument that he demonstrated a likelihood of future persecution independent of his claim that he established a presumption of such a likelihood.

**3.** Contrary to the government's assertion, we find that Tsering has not waived his challenge of the agency's denial of CAT relief.