**XUE LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2907–ag.

United States Court of Appeals, Second Circuit.

Oct. 9, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lee Ratner, New York, NY, for Petitioner.

Richard Zanfardino, Trial Attorney, Jeffrey S. Bucholtz, Acting Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. Hon. WESLEY and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Liu, a native and citizen of the People's Republic of China, seeks review of a June 11, 2007 order of the BIA affirming the September 20, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Liu,* No. A 95 688 235 (B.I.A. June 11, 2007), *aff'g* No. A 95 688 235 (Immig. Ct. N.Y. City Sept. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA explicitly declined to adopt the IJ's adverse credibility finding and instead accepted Liu's testimony as credible. When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In this appeal, therefore, we review both the IJ's and BIA's decisions, with the exception of the IJ's adverse credibility finding. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhang v. U.S. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007); *see also Allentown Mack Sales & Serv., Inc. v. NLRB,* 522 U.S. 359, 377, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998) (explaining that "substantial evidence" review "gives the agency the benefit of the doubt, since it requires not the degree of evidence which satisfies the *court* that the requisite fact exists, but merely the degree which *could* satisfy a reasonable factfinder"). However, we will vacate and remand for

new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005) (rejecting the Immigration Judge's conclusions when he "relied on speculation, failed to consider all of the significant evidence, and appeared to place undue reliance on the fact that [certain] documents were not authenticated"); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (agreeing that "error-infected finding[s]" could be remanded, but avoiding remand because it was clear that the IJ would adhere to the decision were the case remanded).

■ Even accepting Liu's testimony as credible, the BIA nonetheless affirmed the IJ's determination that Liu failed to demonstrate past persecution on account of a protected ground. Substantial evidence supports that determination. Liu admitted that she did not practice Falun Gong in China and had no connection to the movement other than through her older sister, a Falun Gong practitioner, who asked her to hand out flyers about the movement. In January 2004, Liu agreed to pass out flyers disguised as a New Year's gift. She was arrested for this conduct in February 2004, and during her day-long detention she was interrogated and hit in the face five or six times. Liu testified she was released because the authorities accepted her story that she was unaware of the contents of the flyer, and because she promised not to get involved in Falun Gong. It is undisputed that the Chinese government took no further action directed at Liu arising out of her individual involvement in Falun Gong and the single February 2004 incident does not rise to the level of "persecution" as defined in the INA. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"); *Tsering v. Mukasey,* 263 Fed.Appx. 142,

145 (2d Cir.2008) (two periods of detention, each for multiple days, did not "demonstrate that [the petitioner] suffered harm that was sufficiently severe to constitute persecution").

■ The other two incidents of alleged persecution recounted by Liu were also related to her sister's involvement in Falun Gong, not hers, and for that reason were properly given less weight by the BIA and IJ. *Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (en banc) ("[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."). In the June 2004 incident, authorities briefly detained and beat Liu's sister, who thereafter went into hiding. No harm was inflicted on Liu personally as a result of this incident. In the July 2004 incident, village officials searching for Liu's sister visited Liu's house and when Liu would not give up her sister's location, they beat Liu, although they did not take her into custody. The harm inflicted on Liu on this occasion was on account of her refusal to cooperate with the officials, not on account of a protected ground.

The BIA and IJ properly concluded that the February, June and July 2004 incidents, even when considered in the aggregate, did not establish a pattern of persecution against Liu. *See Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 290 (2d Cir.2007) (indicating that the IJ must take " '[t]he cumulative effect of the applicant's experience . . . into account' " in evaluating claims of persecution (quoting *Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005))). A reasonable factfinder could decide that Liu failed to carry her burden of establishing that she suffered harm because of her individual involvement in a protected activity. *See Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007) ("As a general principle, an asylum appli-

cant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic. That is because an applicant must rely upon harm the applicant has suffered individually." (citation omitted)).[2]

Petitioner argues that the BIA applied an improper standard for past persecution by failing to consider the context of the two incidents in which Liu was beaten. Specifically, petitioner relies on background materials (made part of the record) that document the Chinese government's actions to eradicate the Falun Gong movement. However, it is undisputed that after the February 2004 incident, the government exhibited no further interest in Liu's personal connection to Falun Gong, and any subsequent harm to Liu was a result of her failure to cooperate with the investigation of her sister. This context was fully appreciated and considered by the BIA and IJ, and supplies the underpinning of their decisions.

■ Liu's claim concerning future persecution is further diminished by her testimony that her parents and sister continue to live in the same house and that her sister continues to practice Falun Gong in private, even while being "monitored" by the Chinese government. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, a claim of well-founded fear was diminished). In addition, Liu testified that, as of the date of her removal proceeding, she had no connection to the movement other than reading books and teaching herself the practice at home. She admitted to familiarity with just the first of the five exercises. The only evidence she offered as to her personal involvement in Falun Gong were photographs, all taken on the same day, of herself alone striking poses purportedly part of the practice. Since entering the United States, Liu has not engaged in any public Falun Gong activities, or become a member of any organization that does. No independent corroboration of Liu's practice of Falun Gong was presented to the IJ. "[W]here the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof." *Zhang*, 386 F.3d at 71.

As Liu did not meet her burden of proof to support her asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Because Liu has failed to sufficiently challenge the denial of her CAT claim before this Court, and because addressing this challenge does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, Liu's petition is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED.

---

2. The BIA's decision appears to merge the June and July incidents into one; however, the IJ's decision separately and accurately summarized Liu's testimony about all three incidents.